## RAPELYE and PURDY *against* BAILEY.

*October* 27.     Where *A.* addressed a letter to *B.* in these words: "Should you be disposed to furnish *C.* with such goods as he may call for, from 300 to 500 dollars worth, I will hold myself accountable for the payment, should he not pay, as you and he shall agree;" it was held, that the undertaking of *A.* was a conditional guaranty; and that he was entitled to notice of the acceptance of his proposition by *B.*, of the amount of goods furnished, and of the time and terms of payment agreed on, before he could be subjected on such guaranty.

Where notice is by law necessary, the general averment, *whereof the defendant had due and legal notice*, is not sufficient; but the notice must be particularly set forth, that the court may judge of its sufficiency.

THIS was an action of *assumpsit*, containing seven counts.

The first count, was as follows: " That the defendant, on the 9th of *September*, 1817, in consideration that the plaintiffs would, at the special instance and request of the defendant, sell and deliver to one *Roswell Bailey*, goods in the city of *New-York*, to an amount not exceeding 500 dollars, promised the plaintiffs in writing, that he the defendant would be answerable for the money, that is, the price to be paid for the same, being forth-coming at the proper time of payment; and the plaintiffs confiding in the said promise of

the defendant, did, at the city of *New-York*, on the 17th of *September*, 1817, and at divers other times, from said 17th of *September*, to the 25th day of *March*, 1818, inclusive, sell and deliver goods and merchandize, of the value of 500 dollars, to said *Roswell Bailey ;* and the proper time of payment for the same, was on the first day of *May*, 1818 ; whereof the defendant had due and legal notice ; and by reason thereof, and of his promise aforesaid, the defendant assumed," &c.

The second count stated, That the defendant promised, that said money should be paid regularly, as said *Roswell* should agree with the plaintiffs ; and that said *Roswell* agreed to pay for the same on the 23rd of *April*, 1818 ; whereof the defendant had due and legal notice.

The third count stated, That the defendant promised the plaintiffs, that said money should be regularly paid, at such time as the plaintiffs and said *Roswell* might agree ; which time was on the 23rd of *April*, 1818 ; and that the plaintiffs might make their charge to the defendant therefor ; and the plaintiffs did then and there make their charge to the defendant therefor ; whereof the defendant had due and legal notice.

The fourth count was *indebitatus assumpsit* on a *quantum valebat*.

The fifth count was like the fourth, except that it averred, that the goods were sold and delivered to said *Roswell*.

The sixth count was general *indebitatus assumpsit* for goods sold and delivered to the defendant.

The seventh count was as follows : " That the defendant, on the 9th of *September*, 1817, in consideration that the plaintiffs would, at the special request of the defendant, at the city of *New-York*, sell and deliver to one *Roswell Bailey* of said city, such goods as he might call for, to an amount from 300 to 500 dollars in value, promised the plaintiffs in writing, that the purchase money therefor should be regularly paid to the plaintiffs, as said *Roswell* should agree with the plaintiffs ; and the plaintiffs, confiding in the said promise of the defendant, did, at said city of *New-York*, at sundry times from the 17th day of *September*, 1817, to the 25th day of *March*, 1818, deliver to the said *Roswell*, goods, as he called for them, to the amount of 500 dollars in value ; and on the 23rd day of *April*, 1818, the said *Roswell* made, executed and delivered to the

*Windham,*
October,
1820.

*Rapelye*
*v.*
Bailey.

plaintiffs his writing or due-bill for the balance due to the plaintiffs, for said goods delivered him, said *Roswell*, by the plaintiffs as aforesaid, (said *Roswell* having made part payment therefor,) in the words and figures following : " *New-York, April* 23rd, 1818. *Due* Messrs. *Rapelye & Purdy*, 351 dollars, 73 cents, being amount of the balance of my account, this day, which I promise to pay, with interest till paid. *Roswell Bailey*." As by said writing or due-bill may appear; by which said due-bill, said *Roswell* promised and agreed to pay the plaintiffs, said sum of money expressed in and by said due-bill, on demand. The plaintiffs say, that said *Roswell* has become bankrupt, and wholly unable to pay said sum of money expressed in said due-bill, or any part thereof, and that said due-bill remains wholly unpaid; of all which the defendant has had due and legal notice ; and by reason thereof, became liable to pay the plaintiffs said sum of 351 dollars, 73 cents, expressed in said due-bill, when thereto requested ; and in consideration thereof, on the 1st day of *May*, 1818, assumed," &c.

*Non assumpsit* being pleaded, the plaintiffs offered in evidence, as the ground of their claim, the following letter : " Messrs. *Rapelye & Purdy ;* Gentlemen, My brother *Roswell* is wishing to go into business in *New-York*, by retailing goods in a small way. Should you be disposed to furnish him with such goods as he may call for, from 300 to 500 dollars worth, I will hold myself accountable for the payment, should he not pay, as you and he shall agree. *Roger Bailey*." The defendant contended, that this letter of credit was not a direct and original undertaking on his part ; and that the plaintiffs were not entitled to recover, without averring and proving special notice ; and called upon the judge to instruct the jury to that effect. But the judge did not instruct the jury, as requested by the defendant, but stated to them, that the letter in question was a direct and original undertaking on the part of the defendant.

The plaintiffs having obtained a verdict, the defendant moved for a new trial, on the ground of a misdirection ; and the judge reserved the motion.

*Cleaveland* and *Welch*, in support of the motion, contended, 1. That the letter adduced in evidence, proved an underta-

king of the defendant collateral and conditional, and not direct : it, therefore, supported no count in the declaration. It contained proposals ; it made overtures ; it offered terms ; but it was not of itself an original undertaking to pay for goods, nor an absolute guaranty of a debt due from *Roswell Bailey.* The defendant's liability, according to the terms of his letter, was dependent on three conditions : first, that *Roswell Bailey* should call for the goods ; secondly, that the plaintiffs should furnish them ; and thirdly, that *Roswell Bailey* should fail to pay for them. *Stafford* & al. *v. Low,* 16 *Johns. Rep.* 67. The first count, which is special, states a promise of the defendant to be answerable, *i. e.* absolutely liable, for the money, at the proper time of payment. The second count, which is also special, states a promise of the defendant, that the money should be paid regularly, as said *Roswell* should agree, who agreed to pay it on the 23rd of *April,* 1818. Here is still an absolute undertaking of the defendant, not dependant upon *Roswell's* failing to make payment. The third count, which is also special, states a promise of the defendant, to pay the money stated in the second count with this addition, " that the plaintiffs might make their charge to the defendant therefor." The letter supports neither branch of this undertaking. It shews no absolute promise to pay at all ; and it is entirely silent as to charging the goods to the defendant ; nor can the right of the plaintiffs to make such a charge be inferred from the defendant's collateral undertaking. The fourth, fifth and sixth counts, are general, stating a direct and original indebtedness of the defendant to the plaintiffs, and an absolute promise to pay. The seventh count is a special one, setting forth a due-bill, given by *Roswell Bailey* for the balance due for the goods which he failed to pay. There can be no pretence that the letter supports this count.

2. That the undertaking of the defendant being conditional, and the conditions being matters necessarily within the knowledge of the plaintiffs, and not immediately within the knowledge of the defendant, it was incumbent on the plaintiffs to allege and prove performance of the conditions, and notice thereof to the defendant. 1 *Chitt. Plead.* 320. And where notice is by law necessary, the general averment will not be sufficient ; but the notice must be particularly set forth, that the court may judge whether it is sufficient. *Wallis* **v.** *Scott,* 1 *Stra.* 89.

3. That the plaintiffs, by taking *Roswell Bailey's* individual security for the goods, *waived* any claim, which otherwise they might have had, upon the defendant.

4. That at any rate, this was evidence that the plaintiffs did not *accept* the proposals offered by the defendant.

*Ilill,* contra, contended, 1. That the letter adduced by the plaintiffs, contained an original undertaking of the defendant ; that the credit was given to him solely ; and that upon the delivery of the goods to *Roswell Bailey,* the defendants became responsible at all events. *Newson* v. *Storrs,* 2 *Root* 441. *Williams* v. *Granger,* 4 *Day* 444. *Hunt,* administrator, v. *Adams,* 5 *Mass. Rep.* 358. *Bailey* & al. v. *Freeman,* 11 *Johns. Rep.* 221. *Leonard* v. *Vredenburgh,* 8 *Johns. Rep.* 29. *Stadt* v. *Lill,* 9 *East* 348.

2. That no notice to the defendant was necessary ; it being incumbent on him, as guarantor, to take notice. 1 *Chitt. Plead.* 321. *Williams* v. *Granger,* 4 *Day* 444. *Lent* & al. v. *Padelford,* 10 *Mass. Rep.* 230. 238. Case cited by *Houghton* in *Henning's* case, *Cro. Jac.* 433. *Somersall* v. *Barnesby, Cro. Jac.* 228. 4th Res. *Brookbank* v. *Taylor, Cro. Jac.* 685. *East* v. *Thoroughgood, Cro. Eliz.* 834.

3. That if any notice was necessary, it was only notice to avoid the expense of a suit ; for which purpose the general averment contained in most of the counts was sufficient. *Boot* & al. v. *Franklin,* 3 *Johns. Rep.* 207.

4. That if such averment was not sufficient, still the defect is now cured by verdict. 1 *Chitt. Plead.* 322.

PETERS, J. The declaration contains seven counts. The object of the pleader in ringing so many changes on a plain, concise written contract, is not apparent. I mention this circumstance merely to express the regret I feel, when called to witness a departure from the simplicity of our ancient practice, so much better calculated to administer speedy and substantial justice, than the labyrinths of *British* models, which are as useless to us as the titles, the robes and the wigs of their reverend Judges.

To support this declaration, the plaintiffs gave in evidence a letter from the defendant in these words : " Messrs. *Rapelye & Purdy ;* Gentlemen, My brother *Roswell* is wishing to go

into business in *New-York*, by retailing goods in a small way. Should you be disposed to furnish him with such goods as he may call for, from 300 to 500 dollars worth, I will hold myself accountable for the payment, should he not pay, as you and he shall agree. *Roger Bailey*." This the defendant contended was a collateral, and not a direct undertaking, and did not entitle the plaintiffs to recover, without averring and proving a special notice ; and requested the judge so to instruct the jury. But the judge informed them, that this letter was " a direct and an original undertaking," meaning, as I understand the motion, that it rendered the defendant liable as principal, and not as guarantor. By the terms of this letter, *Roswell Bailey* was to become the purchaser and debtor, and the defendant a mere surety ; and his contract, *when accepted,* was literally and strictly a guaranty. " I will," said the defendant, " hold myself accountable for the payment, *should he not pay, as you and he shall agree.*" The acceptance of this proposition, the amount of credit given under it, the time and terms of payment agreed on, were never made known to the defendant, until the commencement of this suit. The averment " whereof the defendant had due and legal notice," is insufficient ; it is no more than *licet sæpius requisitus ;* and would have been cause of demurrer, and not of a new trial, were it not for the rule, that such defects are cured by verdict. But where notice and request are by law necessary, there the general averment will not be sufficient, but it must be particularly set forth, that the court may judge whether the notice or request was sufficient. 1 *Chitt. Plead.* 319. *Wallis* v. *Scott,* 1 *Stra.* 88. Thus, in *Pack* v. *Methold, Pop.* 160. the opinion of the court was strongly, " that the plaintiff ought to have alleged the request specially and certainly, in time and place, because the fact is traversable." In *Peel* & al. v. *Tatlock,* 1 *Bos. & Pull.* 419. *Eyre,* Ch. J. seems to have been of opinion, that in guaranties for good behaviour, notice of any embezzlement ought to be given in a reasonable time ; and in *Russell* v. *Clark's* exrs. 7 *Cranch* 69. it was distinctly holden, by the supreme court of the *United States,* that if the contract in that case had been a guaranty, it would have been the duty of the plaintiff to give immediate notice to the defendant of the extent of his engagement. I, therefore, think, that the judge ought to have directed the jury, to

find for the defendant, unless it was proved, that he had such notice.

If this reasoning be correct, a new trial must be granted. But the motion presents other grounds. The letter in question proves neither count in the declaration.

I take the law to be settled, that where there is an express contract, it extinguishes the implied one. *Shelton & al. v. Darling,* 2 *Conn. Rep.* 435. In *Cutter v. Powell,* 6 *Term Rep.* 320. 324. Lord *Kenyon* says, "That where the parties have come to an express contract, none can be implied, has prevailed so long as to be reduced to an axiom in the law." And the defendant ought to have notice by the declaration, that he is sued upon it. *Weston v. Downes, Doug.* 23. And every such contract must be proved as laid. *Gwinnet v. Phillips,* 3 *Term Rep.* 643. 646. *Bristow v. Wright, Doug.* 640. *Anon.* 1 *Ld. Raym.* 735. *Saxton & al. v. Johnson,* 10 *Johns. Rep.* 418. *Thompson v. Jameson,* 1 *Cranch,* 282. *Phill. Ev.* 168.

The letter in question furnishes evidence of an express contract; and, therefore, does not support a general *indebitatus assumpsit,* as laid in the fourth, fifth and sixth counts.

It is a collateral undertaking to pay, if the debtor did not; and, therefore, did not authorize the plaintiffs to make their charge to the defendant directly, as laid in the third count.

The two first counts, being special, must be proved as laid.

In the first, it is averred, that the defendant promised to be answerable for the money, at the proper time of payment. But the defendant said, "I will hold myself accountable for the payment, should he not pay, as you and he shall agree." In the second count, it is averred, "that the defendant promised, that said money should be regularly paid, as said *Roswell* should agree," absolutely. But the promise is conditional.

The seventh count not only sets out a contract variant from the guaranty, but a waiver or extinguishment thereof, by a new obligation from the principal debtor. This, according to the civil law, whence most of our principles relative to contracts are derived, is a discharge of the guaranty. Thus saith *Pothier, Treatise on Obligations, part* 2. *c.* 6. "As suretyship is an accessory obligation to that of the principal debtor, the extinction of the principal obligation carries with

*Windham,*
*October,*
*1820.*

Rapelye
*v.*
Bailey.

it the extinction of the suretyship also. Likewise, the security is discharged, by the novation that is made of the debt; for the security can no longer be bound for the first debt, for which he became security of the debtor, since it no longer exists, having been extinguished by the novation." Though this is not a common law authority, " the greatest portion of it," according to Sir *William Jones,* " is law at *Westminster,* as well as at *Orleans.*" The same doctrine is laid down by *Domat, lib.* 3. *tit.* 4. *sect.* 5. " If the debt is innovated, between the creditor and the debtor, without the surety's obliging himself anew, his obligation does not subsist any longer."

I advise a new trial.

The other Judges were of the same opinion, except HosMER, Ch. J., who, having been absent when the case was argued, gave no opinion.

New trial to be granted.