Norton & al. *v.* Eastman.

## Norton & al. *vs.* Eastman.

When a written guaranty or letter of credit is given, for a debt about to be created, and uncertain in its amount, so that the party cannot know beforehand whether he is to be ultimately liable, nor to what extent ; it is necessary, in order to charge him, that he should have notice, in a reasonable time, that the guaranty is accepted, and of the amount of debt created upon the faith of it.

A collateral undertaking to guaranty the payment of a debt, is not discharged by the creditor's taking a new stipulation from the debtor, with an additional surety ; nor by the recovery of judgment against the surety, nor by his discharge from prison after commitment in execution, nor by any other transactions between him and the creditor, so long as the original debt remains unpaid.

This was an action of *assumpsit* for the price of sundry goods sold and delivered by the plaintiffs to one *Jonathan S. Farrington* upon the credit of the defendant ; and it came before the court upon the following case stated by the parties.

The plaintiffs having previously refused to trust *Farrington* for goods, without additional security, he produced to them a letter from the defendant, addressed to the plaintiffs, of the following tenor ;—"I hereby recommend *Jonathan S. Farrington,*

of *Fryeburg Addition*, as a man of good credit for the amount of seventy-five dollars, or one hundred, if he should want so much ; and should you trust him with the above amount, I will be accountable for the same at the end of one year from the date of said credit, in case the said *Jonathan* neglects to pay as above. *Lovell, Sept.* 2, 1824." Upon the receipt of this letter, which was two days after its date, the plaintiffs sold and delivered to *Farrington* goods to the value of $120,36, for which he paid three dollars down, and gave his own negotiable promissory note for the balance, at ninety days ; upon which he afterwards paid sixteen dollars in part. In *October* following the plaintiffs sold and delivered to him other goods to the amount of $25,20 ;—and in *December* $45,73, more ;—and on *February* 3,1825, another parcel amounting to $77,03 ;—taking at the same time, his several notes for each of those sums. These three last notes were put in suit at *October* term 1825, and the plea of infancy being made, and supported by proof, the plaintiffs discontinued their action, and the notes still remain unpaid.

At the time of the last purchase, *Feb.* 3, 1825, there was due upon the note given by *Farrington* for the first parcel of goods, purchased in *September* preceding, including interest, $102,53, for which sum, at the request of the plaintiffs, *Farrington* gave a new note payable on the fourth day of *September* then next, one *James Abbot* becoming his surety, as a joint and several co-promissor. At this time the original note was given up to *Farrington*. On the new note thus given, after various partial payments, a judgment was recovered against *Abbot* at *June* term 1826, and he was committed to prison on execution ; but having signified his intention to take the poor debtor's oath, the plaintiffs discharged him from prison, taking his recognizance before a magistrate, for the amount of the debt and costs. It was agreed that *Farrington* at the time of the last sale, was still a minor.

*Willis*, for the plaintiffs, argued—1. That the letter of the defendant was an original undertaking, and that the debt created by it, formed a sufficient consideration for the promise. *Perley v. Spring* 12 *Mass.* 297. *Stadt v. Sill* 9 *East*, 348. *Leonard v.*

Norton & al. v. Eastman.

*Vredenburg* 8 *Johns.* 29. It is not affected by any thing except gross negligence in the creditor, in omitting to secure his debt; *Duval & al. v. Trask* 12 *Mass.* 154—certainly not by the acceptance of a promissory note from the vendee. *Sturgis v. Robbins* 7 *Mass.* 301.

2. The taking of a new note from the debtor, with a surety, was not in itself any discharge of the defendant's liability, the debt itself, which was the subject of the contract, still subsisting, unpaid—3 *Salk.* 118. *Tobey v. Barber* 5 *Johns,* 68. 6 *Cranch,* 264. 8 *D. & E.* 451, 454, 176. *Rhodes v. Barnes* 1 *Burr.* 9.

3. Nor was it discharged by the arrest and imprisonment of *Abbot*; nor by his subsequent release from gaol. These proceedings could not affect the demand of the plaintiffs against the principal debtor; much less one wholly collateral and independent. *Porter v. Ingraham* 10 *Mass.* 88. 2 *W. Bl.* 1235. 3 *Bos. & Pul.* 363. 1 *Stra.* 515. *Dyke v. Mercer* 2 *Show.* 394. *Leonard v. Giddings* 9 *Johns.* 355. *Sheehy v. Mandeville* 6 *Cranch* 253. *Dennett v. Chick* 3 *Greenl.* 191. *Hart v. Waterhouse* 1 *Mass.* 433. The undertaking of the defendant, was in fact a continuing guaranty of any debt which *Farrington* might contract for goods to the amount specified in the letter, until notice to the plaintiffs that the credit was withdrawn; as in *Mason v. Pritchard* 12 *East.* 227. *Merle & al. v. Wells* 2 *Camp.* 6, 413, 436.

*Fessenden* and *Deblois,* for the defendant, contended,—1. That the defendant was not bound at all, until he was notified that credit had been given to *Farrington* in consequence of his letter, and that the plaintiffs should hold him responsible. 1 *Maule & Selw.* 557. 3 *Conn. Rep.* 438. 2 *Stark. Ev.* 649, *note.* *Buckman v. Hale* 17 *Johns.* 134. *Russel v. Clark's Ex'rs* 7 *Cranch* 69. *Cremer v. Higginson & al.* 1 *Mason* 323.

2. But if originally liable, it was only to the amount of the first hundred dollars contracted for. *Lambert v. Warren & al.* 8 *Johns.* 119. *Walsh & al.* 10 *Johns.* 183. Nor even for this sum, unless credit was given for the period stipulated, which was one year. But as the plaintiffs did not give this term of credit, but took a note payable in three months, they must be considered as not having accepted the proffered guaranty. 2 *Stark. Ev.* 649 and cases there cited.

3. And whatever may have been the liability of the defendant, it was extinguished by the giving up of the original note, and the extension of credit given to the debtor, upon his offering new security ; with the subsequent proceedings against *Abbot*. 8 *Meriv*. 272.

The opinion of the court was read at the ensuing *November* term, as drawn up by

MELLEN C. J. In deciding this cause it is not necessary to inquire whether the defendant's guaranty was a limited or continuing one, because the sum for which the first credit was given has never been paid, and in either case the guaranty would not bind him beyond the sum of $100. In his letter to the plaintiffs, after recommending *Farrington* as a man of good credit for the amount of seventy-five or one hundred dollars, he says, " if he should want so much, and should you trust him with the above amount, I will be accountable for the same at the end of one year from the date of said credit, in case the said *Jonathan* neglects to pay as above." The letter was dated *September 2d*, 1824, and on the 4th the plaintiff delivered to *Farrington* goods to the amount of $117,36, and took his note for the same, payable in ninety days ; only $16 have been paid, and the residue is now due. More than a year had elapsed after the above credit was given and before the present action was commenced. Several objections have been made to the plaintiffs' right to recover. It is urged that the condition, on which the guaranty was given, has not been complied with. This is a valid objection, if founded in fact. *Bacon v. Chesney* 1 *Stark. N. P. R.* 192. On this point the language of the guaranty is not explicit. It is clear, that the defendant could not have been liable to an action till after the end of one year from the purchase of the goods, though *Farrington* did not pay for them in ninety days according to the tenor of his note ; but the question is, whether the limitation of one year applies by a fair construction of the guaranty, to the credit to be allowed to *Farrington*. " I will be accountable for the same," says the defendant, " at the end of one year from the date of

Norton & al. v. Eastman.

said credit, in case the said *Jonathan* neglects to pay as above." Do not these words, "as above," have immediate reference to the one year previously mentioned ; and is there in the guaranty any thing else to which they can, by a sensible construction, be applied ? This seems to have been the meaning of the defendant; but still, considering the uncertainty of the language, we do not give a definite opinion, or place the decision of the cause upon it.

The next objection is, that the plaintiffs, by giving up *Farring-ton's* note on the third of *February* 1825, and receiving a new one signed by *Farrington* and *Abbot*, discharged the defendant from his guaranty. It is not easy to perceive why the precautionary measure on the part of the plaintiff, in procuring additional security, should operate to the prejudice of the defendant, and thus excuse him from performing his express engagement. There is nothing in the language of the guaranty forbidding it. The measure might be an advantage, but could not be an injury to the defendant. But it is said, that as this substituted note was negotiable, it amounted to payment, and that payment discharges all concerned. Several cases are cited to this point. In reply to this argument, it may be observed that the note given up was also negotiable ; and the whole amounts to no more than an exchange of securities of the same grade; but if the substituted note was a payment of the first one, as between the plaintiff and *Farrington*, it cannot have this effect, in relation to the defendant, who has no connection with either note, and whose guaranty depends on neither for its obligation.

Again it is urged, that inasmuch as the plaintiff discharged *Abbot* from imprisonment on execution, and received a recognizance for the amount of debt and costs, he thereby released the defendant. The answer to this is also, that it is a transaction which in no way concerns the defendant. It is true, such a voluntary release of *Abbot* from prison prior to the statute of 1822, *ch.* 209, would have forever discharged him from the execution and judgment ; but here again the plaintiff has only exchanged securities ; a judgment for a recognizance. The answer to this and the last objection is, that they are founded on facts, having no connexion with the defendant's contract. He agreed to pay the plaintiff a sum not exceeding $100 in one year from *Sept.* 4, 1824.

as the facts show, if *Farrington* did not pay that sum ; and he never has paid it.

The want of notice of the acceptance of the guaranty and of the amount of goods delivered to *Farrington*, constitutes the last objection. It seems to be well settled, that when a guaranty is absolute in its terms, and definite as to its amount and extent, in such case no notice to the guarantor is necessary; the very act of the party in giving the guaranty, is inseparably connected with the knowledge of its nature and limits. In such a case notice is superfluous ; as if A holds a note against B for $100, payable in one year, and C guarantees the payment of the same when due. In the present case, however, it is contended that the guaranty was conditional and uncertain as to its amount ; and that therefore, there should have been seasonable notice to the defendant that his guaranty was accepted, and also of the amount of goods delivered upon the faith of it, so that he might secure himself against *Farrington*. In support of this objection and reasoning, several authorities have been cited, and others have been examined. In *M'Iver v. Richardson*, there was only what the court call a proposition tending to a guaranty ; not conclusive nor accepted, and so not binding. The same remark is applicable to *Beckman v. Hale* ; but in both, the necessity of notice is recognized. In *Russell v. Clark's Ex'rs*. 7 *Cranch* 69, the alleged guaranty was not in any manner limited ; the court said the language did not amount to a guaranty ; but if it did, it would not bind without notice. In *Cremer & al. v. Higginson & al.* 1 *Mason* 324, the alleged guaranty was " for such sum as S. and H. Higginson should want ; as far as $50,000—say $50,000." No notice had been given to the defendants of the amount of advances made on the strength of the guaranty; though the plaintiffs, at the time it was given, informed the defendants of their readiness to advance as much as $50,000 as soon as they could. Under these circumstances the court were clear in the opinion that notice was absolutely necessary. This is similar to the case at bar, as to uncertainty of amount proposed ; and stronger, as it regards the proof of readiness to accept. In *Russell v Perkins* 1 *Mason* 371, necessity of notice is also recognized. In *Rapelye v. Bailey* 3 *Conn.* 438, the language of the defendant's letter was, " Should

you be disposed to furnish my brother with such goods as he may call for, from $300 to $500 worth, I will hold myself accountable for the payment of the same, should he not pay you as he shall agree." In this case the court held notice to be necessary. It is not distinguishable from the case before us, as to the terms of the guaranty. In *Stafford v. Low* 16 *Johns.* 67, the court proceeded on the same principle as to notice. In guarantees, similar to that in the present case, the law considers the engagement of the guarantor as conditional in the same manner as it does that of an indorser or drawer of a bill of exchange, or the indorser of a note ; who are not liable to an action unless the condition has been complied with by the holder, and due notice given of it to the party to be charged. To be sure in these cases, the law is more strict as to the time of notice than in cases of guaranty; but the principle, requiring notice, is the same in both cases.

The law as settled on this subject conducts to the conclusion that this action cannot be maintained ; and according to the agreement of the parties, the plaintiff must be called.

*Plaintiff nonsuit.*