THE AMERICAN AGRICULTURAL CHEMICAL COMPANY

*vs.*

JOHN A. ELLSWORTH et als.

Franklin.    Opinion June 6, 1912.

*Guaranty.    Construction.    Continuing Guaranty.    Requisites.    Acceptance. Notice.*

The plaintiff appointed in writing one Berry, its agent for the sale on commission of its fertilizers.    Berry by the same writing agreed to make at a time stated full settlement in cash for all sales made by him.    On the back of the writing was written a guaranty, which was signed by the defendants, by which they guaranteed "the faithful performance by Berry of all and singular the obligations, of the within agreement on his part to be kept so long as the agency shall be continued."    The contract of agency itself provided that it should "not be in force until accepted by the Home Office," which was in New York.    No sufficient notice of acceptance of the contract, or guaranty, was given until eleven months after the date of the guaranty, and ten or eleven months after Berry received the fertilizer which he sold, and several months after he had received and appropriated to his own use the proceeds of the sales.    In a suit upon the guaranty, *held:*

1. That the guaranty was a continuing one.

2. That in the case of such a continuing guaranty, for debts to be created, and uncertain in their amount, the guarantor is not liable unless the guaranty is accepted, and notice of the acceptance is given to the guarantor within a reasonable time.

3. That in this case the notice of acceptance was not given to the guarantors within a reasonable time.

4. That the facts in the case do not bring it within the exceptions to the general rule requiring notice of acceptance of a continuing guaranty, namely, that the consideration of the guaranty was a valuable one,, moving directly or indirectly to the guarantor from the creditor, or that the guaranty was made at the request of the creditor, or that it was contemporaneous with the contract guaranteed.

On report.   Judgment for defendants.

Action of assumpsit on a written contract of guaranty to recover the sum of $1812.20.   Plea, the general issue.   At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Frank W. Butler,* for plaintiff.

*Joseph C. Holman and D. R. Ross,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, J.   This case comes before the court on report.   The plaintiff, on March 11, 1909, appointed in writing one George E. Berry as its agent for the sale on commission of its fertilizers in Salem, Maine, and vicinity.   By the same writing, Berry agreed to make at a time stated full settlement in cash for all sales made by him of plaintiff's goods consigned to him.   On the back of the writing, and under the same date, was written a guaranty, signed by the defendants.   The material part of the guaranty, so far as necessary now to state it, was as follows:—"In consideration of the sum of one dollar to me in hand paid by the American Agricultural Chemical Company  .  .  .   I do hereby guarantee the faithful performance by George E. Berry of all and singular the obligations of the within agreement on his part to be kept and performed and all renewals and extensions thereof, so long as said agency shall be

continued." Fertilizers were consigned by the plaintiff to Berry in accordance with the terms of his appointment. He sold the same, but failed to account for the proceeds. He was afterwards, in June, 1910, adjudged a bankrupt. This suit is brought on the above mentioned guaranty. The defendants tender several defences, but we shall have occasion to notice only one.

This is a continuing guaranty, and the general rule is well settled in this State, as well as elsewhere, that in case of such a guaranty, for debts yet to be created, and uncertain in their amounts, the guarantor is not liable unless the guaranty is accepted, and notice of the acceptance is given to the guarantor within a reasonable time. *Norton* v. *Eastman,* 4 Maine, 521; *Tucerman* v. *French,* 7 Maine, 115; *Howe* v. *Nickels,* 22 Maine, 175; *Mussey* v. *Rayner,* 22 Pick., 223; *Lee* v. *Dick,* 10 Pet., 482. Until acceptance and notice, the writing of guaranty is merely a proposal, making necessary acceptance by the other party to complete the contract. *Allen* v. *Pike,* 3 Cush., 238; *Davis* v. *Wells,* 104 U. S., 159. In this respect the rule differs from that applicable to contracts in general. 20 Cyc., 1405. The reason for the rule as commonly stated is that the guarantor being only secondarily liable, he should be informed that his offer has been accepted, that he may know the amount of his liability, and may have an opportunity of taking indemnity from the principal debtor, or of otherwise securing himself against loss. 20 Cyc., 1406; *New Haven County Bank* v. *Mitchell,* 15 Conn., 206.

Also, the creditor, in case of a continuing guaranty, must give the guarantor reasonable notice of the amount which may have been advanced, and failure to give such notice will defeat the guaranty, pro tanto, at least, if it has operated injuriously to the guarantor. *Howe* v. *Nickels,* 22 Maine, 175; *Vinal* v. *Richardson,* 113 All., 521.

There are some exceptions to the general rule above stated, three of which the plaintiff relies upon, in this case. One is when the consideration of the guaranty is a valuable one, moving directly or indirectly to the guarantor from the creditor. Another is when the guaranty is made at the request of the creditor. And a third is when the agreement to accept, or the contract guaranteed, is contemporaneous with the guaranty. In such cases, notice of acceptance of the guaranty is unnecessary. *Davis* v. *Wells,* supra. 20 Cyc., 1407.

Since a contract of continuing guaranty is not complete without acceptance, or the existence of conditions which render acceptance unnecessary, the burden is on the plaintiff, suing upon such a guaranty, to show that it was accepted, or that it comes within the exceptions to the rule. That is, the plaintiff must show a completed and binding contract. Merely showing a signed guaranty is not enough.

In this case, no sufficient notice of acceptance is shown until eleven months after the date of the contract of guaranty, and ten or eleven months after Berry received the fertilizer which he sold; and several months after he had received and appropriated to his own uses the proceeds of the sales. The notice was not seasonable. It is true that one of the defendants, Ellsworth, knew when the fertilizers arrived. But this was after the plaintiffs had completed the consignment now in controversy, and Berry's responsibility had attached. But even if this were sufficient implied notice to Ellsworth, it cannot avail the plaintiff in this suit. For by the original guaranty, the several guarantors became liable to contribute to each other. If for want of notice of acceptance, the other guarantors were released from the proposed guaranty, this one defendant is deprived of his right of contribution by the neglect of the plaintiff. Under such circumstances we think the plaintiff cannot effectively pursue this defendant.

Nor is it shown that the case comes within any of the claimed exceptions to the rule of notice of acceptance. No valuable consideration is shown moving from the creditor to the guarantors, the consideration named in the contract of guaranty, "one dollar," being evidently only a nominal consideration. The real consideration lay in the contract between the creditor and Berry. It is conceded in argument that the guarantors signed the guaranty at the request of Berry. If the fact that the contract of guaranty was written and signed on the back of the agreement guaranteed is presumptive evidence that the making of the guaranty was contemporaneous with the making of the original contract, still that will not avail the plaintiff. The case shows that the original contract was executed at Salem in this State by Berry and by an agent of the plaintiff in its behalf. But the contract itself provided that it should not "be in force until accepted by the Home Office, "which was in New

York." Therefore it was not a contract until accepted in New York. Only such an acceptance would complete it as a contract. If the guaranty was signed contemporaneously with the execution of the original contract in Salem, the guarantors could not know that the latter contract would ever be accepted, and their guaranty thereby become in force. The general rule should apply in such a case, and we hold that it does apply. The guarantors were entitled to notice that their responsibility had attached by the acceptance of the original contract.

For these reasons, the plaintiff cannot recover in this suit.

*Judgment for defendants.*