**WESTCHESTER FIRE INS. CO., Plaintiff,**

v.

**Richard H. CAMPBELL, et al., Defendants.**

**Civ. No. 93–0201–B.**

United States District Court, D. Maine.

Sept. 20, 1994.

Keith Jacques, Jensen, Baird, Gardner & Henry, Biddeford, ME, for plaintiff.

Stephen G. Morrell, Eaton, Peabody, Bradford & Veague, P.A., Brunswick, ME, for defendants.

**ORDER**

BRODY, District Judge.

This is an action by Plaintiff Westchester Fire Insurance Company seeking indemnification from Defendants Richard and Deborah Campbell relating to certain payment and performance bonds Westchester executed on behalf of R.H. Campbell Inc.[1] Westchester and Mr. and Mrs. Campbell have submitted cross motions for summary judgment.

---

1. R.H. Campbell Inc. is the now insolvent company operated by the Defendants Richard and Deborah Campbell.

The undisputed facts of the case are as follows: In 1987, Universal Bonding Insurance Company and Defendants Richard and Deborah Campbell reached a written agreement entitled "General Indemnity Agreement" under which Defendants agreed to indemnify Universal for any bonds executed by Universal on behalf of R.H. Campbell Inc. and Defendants as principal. The agreement further provided that Defendants would indemnify other persons or entities in the future who, at the request of Universal, executed a surety bond on behalf of Defendants as principal. Specifically, Defendants contracted to "indemnify and save harmless the surety from and against any and all demands, liabilities, loss, costs, damages or expenses of whatever nature or kind, including fees of attorneys and all other expenses ..." (Compl. Ex. A at 1.) The agreement had no termination date, nor was it terminated by either party.

In 1990, Westchester executed payment and performance bonds naming R.H. Campbell as principal. Westchester executed these bonds at the request of Universal. Westchester acted pursuant to, and in consideration of, the Universal/Campbell agreement and would not have taken action in its absence. (Glavin Aff. at 2; *see also* Pl.'s Statement of Material Facts at 2.) Westchester subsequently paid and incurred expenses and fees in connection with claims under the payment and performance bonds. Pursuant to the agreement between Universal and the Campbells, Westchester requested indemnification from Defendants. This request was denied.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). " 'The moving party is entitled to judgment as a matter of law' [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Defendants argue that they need not indemnify Westchester because they were not notified either that Universal requested Westchester to execute the bonds or that Westchester relied on the Universal/Campbell indemnity agreement in acting on Universal's request. Defendants cite *Norton v. Eastman,* 4 Me. 521 (1827), in support of their argument, and contend that the agreement is not enforceable because there was no notice within a reasonable time that their guaranty "ha[d] been accepted and that credit [was] extended at least in part on the strength of the guaranty." (Defs.' Mem. of Law in Opp'n to Plf.'s Mot. for Summ. J. and in Supp. of Defs.' Mot. for Summ. J. at 2.) (citing *Norton.*)

In *Norton,* the Maine Supreme Court stated that it is "well settled, that when a guaranty is absolute in its terms, and definite as to its amount and extent, ... no notice to the guarantor is necessary." 4 Me. at 526. Here, the agreement to which Defendants are bound is "absolute" and clear. Defendants obligated themselves to indemnify any and all bonds executed on their behalf by Universal or any entity acting on Universal's authorization. The original agreement had no requirement that Defendants *be notified* of an entity's reliance on a request by or an authorization from Universal.

While the original agreement did not delineate a specific "amount" of such liability, such specification was impossible with respect to future bond arrangements not yet contemplated. The agreement was very specific with respect to the "extent" to which Defendants could be liable: to the surety for "any and all demands, liabilities, loss, costs, damages or expenses of whatever nature or kind, including fees of attorneys and all other expenses ..." (Compl. Ex. A at 3.) As the *Norton* Court stated, "[I]n such a case, notice is superfluous." 4 Me. at 526.

The facts further support Plaintiff's claim: All of the bonds in question were jointly and severally guaranteed both by Westchester and R.H. Campbell Inc. (Glavin Aff. Ex. B.) While the Campbells personally may not have been aware of the situation, the bond arrangements were reached under the watch and at the direction of their employee and

**34**

agent, Ned Foster.[2] Accordingly, this Court is not persuaded by Defendants' arguments—that they lacked notice that Westchester acted at Universal's request, and that they were unaware that Westchester relied on the 1987 indemnity agreement.

 Defendants also argue that they need not indemnify Westchester because they were not notified that the original indemnification agreement was still in force at the time of the 1990 bond executions. No notice, however, was required by the 1987 agreement. Under the clear terms of the agreement, Defendants are liable to indemnify any entity acting at Universal's request in connection with any bonds written for Defendants. The agreement defines "bond" as "any contractual obligation undertaken by Surety for Principal, before or after the date of this Agreement, and any renewal or extension of said obligation." (Complaint, Ex. A at 3.) The surety in this case, Westchester, undertook the contractual obligations for Defendants upon which this case is now based. Westchester's actions fall squarely within the coverage of the 1987 agreement signed by the Campbells.

The Court finds *FDIC v. Rusconi*, 808 F.Supp. 30 (D.Me.1992) to be instructive in this case. In *Rusconi*, the parties disputed "the proper interpretation of ... Guaranties." 808 F.Supp. at 36. In reaching part of its decision, the *Rusconi* court found persuasive a Fifth Circuit opinion in which disputed guaranties applied to "any and all existing and future indebtedness and liability of any kind ... from [defendant]." *Id.* (quoting *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988)). The agreement in *Cardinal Oil* mirrors the agreement here, which requires Defendants to indemnify Universal or any entity acting at its request "in connection with any Bonds written on behalf of [Defendants] ... for which application is now pending, or which may be *hereafter applied for.*" (Compl. Ex. A. at 1.) (emphasis added.) The Defendants, therefore, "obligated [themselves] for all debts and liabilities arising or incurred prior to written

termination of the commitment." *Cardinal Oil*, 837 F.2d at 1371. The contract was not terminated in this case. "[I]n the face of such express and unequivocal language, ... [Defendants] are liable under the express terms of the agreement[ ] they signed." *Id.*

The Court *DENIES* Defendants' Motion for Summary Judgment and *GRANTS* Westchester Fire Insurance Company's Motion for Summary Judgment.

*SO ORDERED.*

---

2. Mr. Foster worked in Defendants' office and "handled the relationship" between Defendants' corporation and Royce Cross, of the Woodrow Cross Agency in Bangor, who was responsible for the obtaining of the surety bonds at issue in this case. (Campbell Dep. ¶¶ 43, 40.)