USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2104 WESTCHESTER FIRE INSURANCE COMPANY, Plaintiff - Appellee, v. RICHARD H. CAMPBELL & DEBORAH D. CAMPBELL, Defendants - Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ John R. Gibson* and Campbell, Senior Circuit Judges. _____________________ _____________________ Stephen G. Morrell, with whom Laurie A. Dart and Eaton, ___________________ _______________ ______ Peabody, Bradford & Veague, P.A., were on brief for appellants. ________________________________ Keith R. Jacques, with whom Jensen Baird Gardner & Henry, _________________ _____________________________ was on brief for appellee. ____________________ June 1, 1995 ____________________  ____________________ * Of the Eighth Circuit, sitting by designation. JOHN R. GIBSON, Senior Circuit Judge. Richard and _____________________ Deborah Campbell appeal the summary judgment entered against them in favor of Westchester Fire Insurance Company on a guaranty the Campbells executed for the benefit of their family-owned company, R. H. Campbell, Inc. We affirm the judgment of the district court. The facts are undisputed. In 1987 the Campbells signed an agreement with Universal Bonding Insurance Company to indemnify Universal against loss on any surety bonds it might execute on behalf of R. H. Campbell, Inc.1 The agreement had no termination date, and neither party terminated it. The agreement  ____________________ 1 The operative language of the agreement provided: [S]hould the [Universal Bonding] Company execute or procure the execution of the suretyship for which application is now pending, or which may be hereafter applied for . . . the undersigned [i.e., the Campbells] . . . hereby undertake and agree: . . . That the indemnitor will . . . at all times indemnify and save the [Universal Bonding] Company harmless from and against every claim, demand, liability [or] loss . . . sustained or incurred by the Company by reason of having executed or procured the execution of said bonds or obligations . . . .  The agreement also stated: The indemnitor and his successors agree to indemnify and save harmless the Surety from and against any and all demands, liabilities, loss, costs, damages or expenses of whatever nature or kind. . . . -2- defined as the "Surety" entitled to indemnification: "Universal Bonding Insurance Company, its reinsurers, and any other person or entity which the surety may procure to act as Surety or co- surety on any bond or any other person or entity who executes any bond at its request." In 1990 Westchester issued payment and performance bonds for R. H. Campbell, Inc., at Universal's request, in reliance on the guaranty Universal had obtained from the Campbells. Richard Campbell was aware that his corporation was obtaining the bonds at the time Westchester issued them, since he signed the bonds in his capacity as president of R. H. Campbell, Inc. Westchester was eventually required to pay almost a million dollars in claims, expenses, and attorneys' fees on its surety bonds. Consequently, Westchester sued the Campbells on the guaranty agreement. The district court granted Westchester summary judgment. Westchester Fire Ins. Co. v. Campbell, 863 F. _________________________ ________ Supp. 32 (D. Maine 1994). The Campbells argue that under Maine law, specifically Norton v. Eastman, 4 Me. 521 (1827), a guarantor on a continuing ______ _______ guaranty is entitled to notice of acceptance of his offer of guaranty. They argue that they did not receive notice that Westchester issued its bonds in reliance on their guaranty. The Campbells quote from American Agricultural Chemical Co. v. _____________________________________ Ellsworth, 83 A. 546 (Me. 1912): "Until acceptance and notice, _________ the writing of guaranty is merely a proposal, making necessary -3- acceptance by the other party to complete the contract." Id. at ___ 547. However, there are several situations in which notice of acceptance is unnecessary, since acceptance can be inferred from the circumstances of the offer of guaranty. In Ellsworth _________ the Maine Supreme Judicial Court stated: There are some exceptions to the general rule [requiring notice], three of which the plaintiff relies upon in this case. One is when the consideration of the guaranty is a valuable one, moving, directly or indirectly to the guarantor from the creditor. Another is when the guaranty is made at the request of the creditor. And a third is when the agreement to accept, or the contract guaranteed, is contemporaneous with the guaranty. In such cases notice of acceptance of the guaranty is unnecessary. Id. at 547. ___ This case presents the first exception listed in Ellsworth, since the Campbells agreed in the 1987 guaranty: _________ "Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each Bond." The import of this language is that the consideration for the guaranty--that is, the Surety's issuance of the bonds--was valuable consideration benefitting the Campbells themselves. This exception makes perfect sense, because when the guarantor benefits from the surety's execution of the bond, he has already received something under the arrangement and is not entitled to withdraw from it. Moreover, the very receipt of that benefit functions as notice of acceptance of the guaranty, making further -4- notice superfluous. Here, the Campbells were sole shareholders of R. H. Campbell, Inc., and as such had an obvious interest in the issuance of bonds enabling R. H. Campbell, Inc. to do business. Under these circumstances, the Campbells are not entitled to insist on further notice of acceptance under Ellsworth.2 _________ Westchester also states without objection from the Campbells, that the Campbells executed the guaranty at the request of the creditor, thus coming within the second exception to the notice requirement. See Ellsworth, 83 A. at 547; see ___ _________ ___ generally, Annotation, Necessity of Giving Creditor Notice of _________ _________________________________________ Acceptance of Guaranty, 6 A.L.R. 3d 355, 10 (1966 and 1994 _______________________ Supp.); Restatement (Second) of Contracts 54, cmt. d (1981). Westchester's assertion is corroborated by the fact that the guaranty agreement consists of a Universal Bonding form signed by the Campbells. Thus, the Campbells' arguments based on Maine law are unavailing.  ____________________ 2 These facts also establish another generally recognized proviso to the notice of acceptance requirement: when a guarantor is an insider of the principal corporation, notice of acceptance to the guarantor is considered redundant once the corporation has received notice. See Richard F. Dole, Jr., ___ Notice Requirements of Guaranty Contracts, 62 Mich. L. Rev. 57, __________________________________________ 79-80 (1963); Annotation, Necessity of Creditor Giving Guarantor _______________________________________ Notice of Acceptance of Guaranty, 6 A.L.R. 3d 355, 13 (1966 ___________________________________ and 1994 Supp.); Restatement (Second) of Contracts 54, cmt. d (1981). In this case, the Campbells were the sole shareholders and were officers and directors of the principal corporation. Richard Campbell was aware that the corporation was obtaining the bonds. Campbell's knowledge of the transaction between debtor and creditor is an adequate basis for inferring notice of acceptance. See, e.g., Cobb v. Texas Distrib., Inc., 524 S.W.2d ___ ____ ____ ____________________ 342, 345 (Tex. Civ. App. 1975). -5- Finally, to the extent the Campbells are arguing that Westchester should have notified them about each transaction concluded in reliance on their guaranty, they have waived such notice. Their guaranty agreement states: "Undersigned waive notice of . . . Surety's loaning funds to Principal." Since in executing the payment and performance bonds the surety lent its credit to R. H. Campbell, Inc., it was in effect lending R. H. Campbell funds. Certainly, this was the effect of the transaction from the guarantor's point of view, since the guarantor's concern is whether the principal will contract a debt he cannot repay. Therefore, our decision is bolstered by the fact that the Campbells waived notice of principal-surety transactions in their guaranty agreement. See Davis v. Wells, ___ _____ _____ 104 U.S. 159, 169 (1881). We affirm the judgment of the district court. Affirmed. ________ -6-