Hurlbut, J.,
rendered the opinion of the court.
This action was brought March 8, 1910, to recover a judgment against defendants (plaintiffs in error) in the sum of $1,141.19. The action was tried to a jury, which, under the instruction of the court, rendered a verdict in favor of plaintiff for $1,044.67; upon which judgment was entered.
The action is based upon a written contract entered into between plaintiff, defendants, and one Frank F. Farrell, at Cripple Creek.
The contract between plaintiff and Farrell, and the guaranty contract between plaintiff and defendants, appear on one instrument. It is headed with the following phrase: “Agent'S' Application, Agreement and Bond;” followed by the sentence, “I hereby apply for the agency of the Denver Post at Cripple Creek, Colorado;” then follows a number of special promises on behalf of Farrell, by which he agrees to do certain things; after which appears a paragraph binding plaintiff to pay Farrell the sum of $30 per month. It is then signed by Farrell, under whose signature appears the following: “Accepted by The Post Printing & Publishing Company this Dec. 14th, 1908, by P. B. McGlynn, Circulator thereof.” Immediately following appears the guaranty contract, viz:
“Dec. 12th, 1908.
The Post Printing & Publishing Co.,
In consideration of your acceptance of the foregoing application of Frank F. Farrell the undersigned guarantee the fulfillment of each stipulation of the above contract and the prompt payment for all papers and supplies furnished there *418 under, and in case such payment is not made, to pay you, at your office in Denver, all arrears upon demand.
E. H. Asmussen,
Tim Drew.”
The complaint, after setting' out the contract, alleges that on December 12, 1908, -defendants, in order to- induce plaintiff to accept the application and agreement aforesaid of said Farrell, signed their names to- said -contract, and delivered the same to plaintiff; that by the terms thereof there became due from said Farrell to- plaintiff the sum of $1,141.19; -and that on February 16, 1910, plaintiff, in writing, demanded payment thereof from defendants and each of them. The complaint further alleges “that the aforesaid application and agreement was accepted by plaintiff herein.in writing on, to-wit, the 14th day of December, 1908, and by virtue of acceptance went into force and effect as a contract between the said Frank Farrell and this plaintiff,” etc.
The controlling question in this case, and which- is decisive of this appeal, is: Did defendants, in signing the contract, thereby place themselves in the position of guarantors only, who were entitled to- notice of acceptance of their' guaranty from plaintiff before their liability attached; or were they original promisors, binding themselves in the first instance and at all events to- pay any sum in default by their principal Farrell, whether plaintiff notified them of its acceptance 'of their guarantyship of not? Plaintiffs in erro-r vigorously contend that they were simply guarantors, and entitled to notice of acceptance, while defendant in error insists that their undertaking w-as original, and bound them as sureties, without such notice. The question- presented is of first impression in this- state, and is of considerable importance to commercial branches of industry.
A brief statement of the record showing of facts may not be amiss. The evidence shows that the plaintiff was in Cripple Creek, by its authorized representative, Mr. Gunnison, on *419 December 12th, the day the contract was signed by Farrell and defendants, and was present at the time of such signing'; further, that’ after they had signed the same it was delivered by them to Gunnison, who mailed it the same evening to the office of plaintiff in Denver; and that on December 14th plaintiff accepted it, in it's entirety, by a formal written approval thereof. There is nothing in the guaranty contract which in terms requires a notice from plaintiff signifying its acceptance of defendants as sureties or guarantors.
It is our duty to construe the contract so as to give effect to the intention of the parties, if it can be ascertained therefrom, or, failing in this, from the circumstances surrounding the execution thereof. How did defendants probably view the matter on December 12th, at the time the contract was presented to them for signature? The whole instrument was before them. The first sentence in the contract read: “I hereby apply for the agency of the Denver Post at Cripple Creek, Colorado.” At the end appeared the signature of Farrell, but there was no writing of acceptance or approval by plaintiff of the application. Immediately following Farrell’s signature appeared the guaranty contract, beginning with the words, “In consideration of your acceptance of the foregoing application.” Under this situation their natural reasoning would be that Farrell at the time had not been appointed by plaintiff as its agent, but would or would, not be so appointed, in the near future, and if plaintiff did not thereafter accept the application they would not incur any liability in signing the contract, and with this impression they attached their signatures thereto. This then was their position at the time they signed the contract of guaranty. No contract existed between plaintiff and Farrell, or between defendants and plaintiff, and it was nothing more, on defendants’ part, than an offer or proposal to become liable under the instrument they had signed, upon condition only that Farrell’s application would, within a reasonable time thereafter, be accepted by.plaintiff. Under such circumstances the law seems to be settled that *420 defendants were entitled to notice from plaintiff that their undertaking as guarantors had been accepted. It is not claimed that such notice was ever given. Either one of the signers, or Farrell himself, could have withdrawn from the written contract any time after they signed it, and before notice of acceptance. It was not binding on any of them until the latter date.
It is insisted by plaintiffs in error that the contract between defendant in error and Farrell, not being fully executed or completed until two days after Farrell had signed the same, there was nothing upon which their guaranty or suretyship could operate, and, not having received notice from plaintiff that it had accepted the written guaranty signed by them, they therefore were not liable thereunder.
The complaint itself states that plaintiff accepted the application and agreement December 14th, and by virtue thereof it became a binding contract on that day, so- that it is conclusive this contract between plaintiff and Farrell first became effective on that date.
The record shows that the printed form of contract used in this case was furnished by plaintiffs. The presumption follows that plaintiff formulated- the same. In such case the rule is general that if the contract is ambiguous the same will receive a -construction most strongly against the one drawing the same and in favor of the other party, when such construction is reasonable and fair. The party drawing this guaranty contract could have inserted therein a short sentence, such as, “Notice of acceptance of guarantors’ offer is hereby waived,” or some similar expression, which would have bound the signers immediately upon the approval of the contract by plaintiff. There is nothing, however, of that character, in this contract. Under a contract containing an offer or proposal, which becomes binding upon the signers only after notice of acceptance of the same, it is not necessary that the notice be.given directly by the guarantees, but any knowledge or information coming to the guarantors through other *421 sources, which apprises the latter that the former is acting upon the same, and furnishing goods or extending credit upon faith thereof, will be tantamount to direct notice. The record here, however, is silent upon this question. There is no showing that defendants ever knew that Farrell had been appointed agent, or that he was handling plaintiff’s papers in pursuance ol the contract mentioned.
It is clear from the record showing that the guaranty contract of defendants had to do only with events to take place in the future.' By the very terms of the contract itself it appears that at the time defendants signed the same Farrell had not been appointed agent for plaintiff in pursuance of his application; therefore defendants guaranteed no existing debt, but undertook to guaranty the faithful performance, by their principal Farrell, of certain promises which he agreed to carry out in the future. This being true, we 'do- not see how it can be said that the document signed by defendants was an absolute guaranty, unqualified by the usual requisite of notice, without which'it would not be binding. Under the circumstances disclosed by this record we do- not think the guaranty 'can be said to be absolute. It is rather an offer to indemnify. It refers to a debt which might or might not be created in the future. It may be observed that no- limit was set upon the amount of liability that might be incurred against defendants in the future; nor was a limit of time fixed by the guaranty contract in which defendants’ liability should cease. After the guaranty was executed, and at the time plaintiff accepted Farrell’s application, no indebtedness existed in favor of plaintiff against Farrell for which defendants were liable; hence there was no debt upon which the' guaranty could operate. From the facts shown it is apparent that defendants’ contract was a collateral, continuing guaranty. No direct -charge or entry was made by plaintiff, at any time, against defendants, its books showing that all the transactions with Farrell were carried on in his name. The authorities generally seem to adopt the rule that in case of a written guar *422 anty for a debt to be created in the future, and uncertain in amount, the guarantor is entitled to notice that his guaranty has been accepted and credit given on the faith thereof. Beebe v. Dudley, 26 N. H. 249, 59 Am. Dec. 341; Allen v. Pike, 3 Cush. (Mass.) 238; Norton v. Eastman, 4 Greenl. (Me.) 521; Howe v. Nickels, 22 Me. 175; 2 Parsons on Contracts, 28; 20 Cyc. 1406 et seq.; Brandt on Suretyship and Guaranty, § 207; Taussig v. Reid, 145 Ill. 488, 32 N. E. 918, 36 Am. St. Rep. 504. The last cited case sustains the rule, and contains a rather full discussion of the point; citing numerous authorities.
We have carefully examined all the authorities cited by plaintiffs in error and defendant in error, and discover that there is considerable conflict of authority in the several states concerning the necessity for notice of acceptance from the guarantee, in cases of this charater.
In German Sav. Bank v. Roofing Co., 112 Ia. 184, 83 N. W. 960, 51 L. R. A. 758, 84 Am. St. 335, the guarantors undertook to' pay the guarantee all notes, checks, etc., which might accrue from their principal, the Drake Roofing Co., within six months from the date of the guaranty, not exceeding the sum of $500. This guaranty was accepted by the guarantee, the German Savings Bank of Des Moines, but no' notice of such acceptance was given to the guarantors (the case here). The court said:
“When defendants signed the letter of guaranty, the Drake Roofing Company was not indebted to the plaintiff. The advancements were made by the bank after the delivery of the instrument of guaranty, and the primary question is, was notice of the acceptance of the guaranty necessary? The authorities relating to'this question are in hopeless conflict and, although some of the rules are fairly well settled, there is a want of harmony in the decisions applying them to special circumstances. When the guaranty is a letter of credit, or an effort to become responsible for a credit that may or may not be given to another, at the option of the party to whom *423 the application for credit is made, the decided weight of authority is that the guarantor must within a reasonable time be notified of the acceptance of the guaranty. But they differ more or less in determining what is a guaranty and what an offer to guaranty. Two very satisfactory and conclusive reasons are given for this general rule. The first is that the so-called guaranty is a mere offer or proposition, and is not complete until the party making the offer is notified of its acceptance, when the minds of the parties meet, and the contract is completed. The second is that the party making the offer is entitled to know whether or not his offer has been accepted, that he may know his responsibility, and so regulate his course of conduct toward the principal debtor that he may not suffer loss. * * * There is no evidence of any request from plaintiff to defendant guarantors, or of any consideration moving from it, and received or acknowledged by them at the time they signed the guaranty, or that credit was extended the Drake Roofing Company at the time the letter of guaranty was delivered. (These remarks apply to the case at bar). * * * We are of opinion that the instrument was in legal effect a mere offer of guaranty, requiring notice of acceptance to bind the guarantors.”
The case is most thoroughly considered, and discusses at length, with numerous citations of authorities, the question under consideration. •
In Detroit Free Press v. Pattengill, 155 Mich. 272, 118 N. W. 927, the court had under consideration the following contract:
“To The Detroit Free Press Co.,
Detroit, Mich.
You are hereby authorized to furnish W. M. Kimmel, of Lansing, Mich., with copies of the Detroit Free Press for sale, the undersigned hereby agreeing to become responsible to you for the prompt payment of all bills for such papers to th¿ amount of $500.
*424 The undersigned also agreeing to become responsible for any loss to The Free Press Co., not exceeding $300.00' in the event of the non-performance of section six of the above agreement.
Henry R. Pattengill,
Surety, of Lansing, Mich.”
The court said:
“We think the true construction of the undertaking is that it is a collateral guaranty. The situation of the parties indicates that it was the desire of the Free Press to have security from Kimmel for the payment of such papers as it should sell him (Kimmel). It was Pattengill’s object to furnish such security. The undertaking therefore must be construed as a guaranty, and, under the rule laid down in De Cremer v. Anderson, 113 Mich. 578, 71 N. W. 1090, can only become binding upon the guarantor after notice of acceptance.”
De Cremer v. Anderson, supra, involved a contract of goods purchased, the guarantor guaranteeing to pay any amount due from the purchaser, not exceeding $300. The court said:
“In the case at bar the guaranty was not signed by the guarantors at the request of the plaintiff. No consideration passed from the plaintiff to the guarantors, or was acknowledged in the guaranty. It was not accepted by the plaintiff at the time it was given, and he did not agree to accept it until he had satisfied himself of the' responsibility' of the guarantors, which he proceeded to do some days afterward by correspondence with the register of deeds. Under such circumstances the guarantors were entitled to know that their guaranty had been accepted before they were bound.”
The same situation obtains in the case at bar as is stated in the foregoing quotation. See also Allen v. Pike, supra; Acme Mfg. Co. v. Reed, 197 Pa. St. 359, 47 Atl. 205, 80 Am. St. 832; Peering Harvester Co. v. Sulser, 78 Mo. App. *425 670. In the last cited case the written guaranty reads in part as follows:
“In consideration of the appointment or retention 6f the above party as agent of Deering' Harvester Co., for the sale of its harvesters, binders, reapers, mowers, tracks, extras-,' twine and other property in certain territory, the undersigned jointly and severally ’guarantee the fulfillment by said agent of all his obligations -and duties growing out of and relating to- such- agency or otherwise that now or hereafter may exist,” etc.
The court said:
“There was no- contract, much less a guaranty of that contract, at the time defendant signed the paper now sought to be made a guaranty. The paper on which the contract was written especially withheld from it any force as a contract, or any acceptance of defendant as- guarantor, until such acceptance had been indorsed by plaintiff at Chicago, Illinois. * * * There is therefore no room to question that the whole matter stood as a proposal until it was accepted. If plaintiff had exercised its right and disapproved either the contract or the guaranty, surely there would be no- pretense that defendant was liable. Plaintiff chose the other alternative and approved both, but it failed to notify defendant, and hence he is not liable, and the circuit court properly so instructed. Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 29 L. Ed. 480, 6 Sup. Ct. 173, a case much in point.”
See also: Rapelye & Purdy v. Bailey, 3 Conn. 438, 8 Am. Dec. 199; Craft et al. v. Isham, 13 Conn. 28; Smith & Co. v. Thesman, 20 Okla. 133, 93 Pac. 977, 15 Ann. Cas. 1161, citing with approval Davis S. M. Co. v. Richards, supra; Barnes Cycle Co. v. Schofield, 111 Ga. 880, 36 S. E. 50; Kuhlman v. Cave; 135 Wis. 279, 115 N. W. 793; Bishop v. Eaton, 161 Mass. 496, 37 N. E. 665, 42 Am. St. Rep. 437; Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36; Babcock v. Bryant, 12 Pick. (Mass.) 133.
*426 The recent case of American A. C. Co. v. Ellsworth, 109 Me. 195, 83 Atl. 546, involved the construction of a written guaranty, which read in part as follows:
“In consideration of the sum of one dollar to me in hand paid by the American Agricultural Chemical Company * * * I do hereby guarantee the faithful performance by George E. Berry of all and singular the obligations of the within agreement on his part to be kept and performed and all renewals and extensions thereof, so long as said agency shall be continued.”
The court said:
“This is a continuing guaranty; and the general rule is well settled in this state, as well as elsewhere, that in case of such a guaranty for debts yet to be created, and uncertain in their amounts, the guarantor is not liable, unless the guaranty is accepted, and notice of the acceptance is given to the guarantor within a reasonable time. * * *
“Since a contract of continuing guaranty is not complete without acceptance, or the existence of conditions which render acceptance unnecessary, the burden is on the plaintiff, suing upon such a guaranty, to show that it was accepted, or that it comes within the exceptions to the rule; that is, the plaintiff must show a completed and binding contract. .Merely showing a signed guaranty is not enough.”
See also: Lester Piano Company v. Romney, 126 Pac. (Utah), In William Peering Co. v. Mortell, 21 S. D. 159, no N. W. 86, 16 L. R. A. (N. S.) 352, the court, having under consideration the construction of a guaranty contract, said:
" “The true test, we think, in determining whether a guaranty is in fact an. offer of guaranty, or an absolute guaranty, is whether there is mutual assent.”
The case is reported in 16 L. R. A. (N. S.) 352, with copious annotations which practically exhaust all phases of the question under consideration.
*427 Numerous other cases, could be cited from the various states following the rule adopted in the cases cited.'
The two strongest cases which support the position of defendant in error are Watkins Medical Co., v. Brand et al., 143 Ky. 468, 136 S. W. 867, and Wilcox v. Draper, 12 Neb. 138, 10 N. W. 579, 41 Am. Rep. 763. We notice that in the former case the court cited in support of its conclusions White Sewing Machine Co. v. Powell, 25 Ky. Law Rep. 94, 74 S. W. 746, the facts of which case are different from the Watkins Medical Co. v. Brand case, and the one at bar, in this, to-wit: The controversy related to a bond executed jointly by the debtor and his sureties. It is in line with the decision of our Supreme Court in News-Times Pub. Co. v. Doolittle, 51 Colo. 386, 118 Pac. 974, to which we will hereinafter refer. In the case of Watkins Medical Co. v. McCall, 116 Minn. 389, 133 N. W. 966, the court had under consideration a contract identical with that in Watkins Medical Co. v. Brand et al., and arrived at an opposite conclusion to that reached in the Kentucky case. In the Minnesota case the court followed its form'er ruling in Winnebago Paper Mills v. Travis, supra.
We have carefully examined all of the numerous cases cited by defendant in error, and find, with the exception of the Kentucky, and Nebraska cases just mentioned, they are each readily distinguishable from the case at bar in one or more of the following respects: (1) The written guaranty in each instance was. signed at the very time the contract between the guarantee and the original or principal debtor was executed; (2) the contract to which the guaranty related had been fully executed at some time prior to such signing; (3) request by the guarantee had been made of the guarantor to execute the guaranty; (4) acceptance of the guaranty was made by the guarantee at the time it was signed; (5) the guaranty contract and principal agreement were simultaneously executed, and appeared together upon the same instrument, fully executed; (6) a. consideration.passed from the *428 guarantee to the guarantor for his undertaking; (7) the guaranty consisted of a writing in the nature of a bond, which was signed jointly and severally by the principal and sureties. In each of the distinguishing features just enumerated the generally accepted rule of law renders unnecessary a notice of acceptance- by the guarantee. By way of repetition we again say that in the case at bar it is conclusively established that, at the time defendants signed the guaranty, no- contract was in existence between plaintiff and defendants or between plaintiff and the debtor Farrell. If any liability could possibly arise against defendants, under their guaranty, it was one which necessarily must arise in the future, and relate to a debt yet to be created and uncertain in amount, as well as to time. This certainly shows a-continuing, collateral guaranty, which, under the authorities cited, necessitates a notice of acceptance from- the guarantee, under facts similar to those disclosed by the record.
The case of News-Times Pub. Co. v. Doolittle, supra, relied upon and discussed at length by defendant in error, is not in point,- as the instrument there construed was signed jointly by Doolittle, as agent, and Simon and Barclay as sureties. The Supreme Court held they were jointly and severally liable, and that Simon and Barclay were sureties, and not guarantors, and were bound with their principal in one and the same instrument, executed at the same time, and for the same consideration.
The general trend of the authorities, as above shown, appears to- be against the Kentucky and Nebraska cases cited. But, admitting as we do the -conflict in authorities in the several states upon the Question under consideration, we feel in duty bound to obtain light, if possible, upon the disputed issue, from the rulings of the supreme judicial tribunal of our country, the Supreme Court of the United States. The question involved is one of commercial importance, and that court has directly passed on the law governing the situation we have before us, in the case of Davis Sewing Machine Co. v. *429 Richards, supra. That case invólvéd the construction of a contract of guaranty which reads as follows:
“For value received, we hereby guarantee to the Davis Sewing Machine Company of Watertown, N. Y., the full performance of the foregoing contract on the part of John W. Poler, and the payment by said John W. Poler of all indebtedness, by account, note, indorsement of notes (including renewals and extensions) or otherwise, to the said Davis Sewing Machine Company, for property sold to said John W. Poler, under this contract, to the amount of three thousand ($3,000) dollars. Dated Washington, D. C, this 17th day of December, 1872.
A- Roth well,
A. C. Richards.”
Under the guaranty were these words:
“I consider the above sureties entirely responsible. Washington, December 19, 1872.
J. T. Stevens.”
The contract mentioned was executed by Poler, and the guaranty signed by the sureties, after which both were delivered to Stevens, the machine company’s attorney, and by him to- the company, with his recommendation noted. The ¡company afterwards delivered goods to Poler under the contract, which were not paid for. The sureties had no notice of the company’s acceptance of the guaranty, and no notice or knowledge that the company had furnished any goods to Poler, under the contract, or upon faith of the guaranty, until several years after the transactions mentioned. At the time the guaranty was signed the company was furnishing no goods, to Poler. The negotiations then pending between Poler and the company related to prospective transactions between them. Justice Gray delivered the opinion of the court, from which we quote as follows:
“The decision of this case depends upon the application of the rules of law stated in the opinion in the recent case of *430 Dams v. Wells, 104 U. S. 1.59, 26 .L. Ed. 686, in which the earlier decisions of this court upon the subject are reviewed.
“Those rules may be summed up as follows: A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter’s agreement to accept is contemporaneous with the guaranty, or if - the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no- consideration moving between them except future advances to be made to- the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an' acceptance by the other party to- complete the contract.
“The case at bar belongs to< the latter class. There is no evidence of any request from the' plaintiff corporation to the guarantors, or of . any consideration moving from it and received or acknowledged by them at the time of "their signing the guaranty. The general words at the beginning of the guaranty,- Value received,’ were without stating from whom, are quite as consistent with- a consideration received by the guarantors from the principal debtor only. The certificate of the sufficiency of the guarantors, written by the plaintiff’s attorney under the guaranty, bears date two- days later than the guaranty itself. The plaintiff’s original contract with the principal debtor was not executed by the plaintiff until after that. The guarantors had no notice that their sufficiency had. been approved, or that their guaranty had been accepted, or even that the original contract had been executed or assented to by the plaintiff, until long afterwards, .when payment was demanded of them for goods supplied by the plaintiff to the principal debtor.”
*431 From our research we have been unable to discover that the case mentioned has ever been modified, criticised or reversed, to the present time; but, on the contrary, it has been repeatedly referred to and followed by the subordinate federal courts of the country, and has frequently been cited, followed and approved, by the courts of last resort in a number of states. The question being one of great importance, of first impression in this state, and the states being in conflict as to the better rule to follow, under such circumstances, we find that both our appellate courts have in the past accepted and followed the decision of the federal tribunal.
In Ristine v. Blocker, 15 Colo. App. 224, 61 Pac. 486, the court, speaking through Judge Bfesell, said.
“Speaking for myself principally, but being entirely authorized thereunto by the entire court, I desire to emphasize the position which I have often taken, that wherever there is a debatable question and there are two' lines of authority, and one is supported by the Supreme Court of the United States and the other condemned by it, we accept the decision of that tribunal.”
From D. & R. G. R. R. Co. v. Whan, 39 Colo. 230, 89 Pac. 39, 11 L. R. A. (N. S.) 432, 12 Ann. Cas. 732, we quote as follows:
“Whatever might be the result of a numerical comparison of the cases, deciding the questions involved in this case, pro and con, we think we should be controlled by the decision of the Supreme Court of the United States on these questions, if there be no provision of the law of our own state which renders it inapplicable.”
In Metropolitan Casualty Ins. Co. v. Bergheim, 21 Colo. App. 527, 122 Pac. 812, the court said:
“Due regard for the principle of uniformity of decision in respect of matters pertaining to- general commercial law, impels us to accept the general conclusion thus sustained by the evident current of authority.”
*432 Defendant in error has referred to a line of cases holding that where a contract of guaranty is executed contemporaneously with the "principal contract, to which the guaranty refers, both contracts appearing upon the same instrument, nc notice of acceptance of the guaranty undertaking is required from the guarantee to the guarantor; such decisions being principally based upon the. reasoning that, if the entire transaction is simultaneous as to all the parties concerned therein, and the contract between the guarantee and debtor is executed, and before the guarantor for inspection at the time of his signature, under such circumstances no notice is required. The principal case cited by defendant in error to sustain the proposition stated is Bechtold v. Lyon, 130 Ind. 194, 29 N. E. 912. But in that case, as well"as others cited, involving facts similar to those existing in the record before us, we discover that the contract between the guarantee and debtor was fully executed at the time of, or had been in existence for some time prior to, the signing of the guaranty undertaking by the guarantors. The distinction is important, in view of the court’s reasoning in those cases. If, at the time the guarantor signed the undertalcing, the principal contract had been fully executed for some time prior thereto, or was then executed and completed, “ the guarantor would be fully informed of the binding character of his principal’s promises and agreements; while if such contract was only tentative he would have- no means of knowing whether the same would or would not be, in the future, executed and completed as written. Therefore we do' not consider the cases cited as being in point.
From what has heretofore been said, and the authorities cited, we have reached the conclusion that, under this record, plaintiffs in error were entitled to notice of acceptance from defendant in error of their guarantyship; ;and the court erred in directing the jury to return a verdict for plaintiff. The case should have been submitted to the jury for their deter *433 mination under proper instructions. The judgment is reversed and the case remanded for new trial.

Reversed and Remanded.