UNITED STATES v. LEWIS et al.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1916.)

No. 4469.

1. CONTRACTS ⬤⟿303(3)—DEFENSES.
   Where one contracts absolutely and unconditionally to construct and deliver a finished work for the acceptance of another, such as a levee, he is not relieved by casualties, commonly known as acts of God.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1412–1416; Dec. Dig. ⬤⟿303(3).]

2. CONTRACTS ⬤⟿303(3)—PERFORMANCE—DEFENSES.
   Where a contract for the construction of a levee provided that portions of the levee upon which payments shall have been made, but which shall not have been accepted, if damaged or destroyed, shall be replaced by the contractor, and that all damages from floods or other causes before the work shall be received shall be borne by the contractor, it is no defense to an action against the contractor and his sureties for failure to restore a part of the work destroyed by flood that the flood was an act of God, for the contract obviously included, not only ordinary floods, against which the contractor would be required to guard, but all floods.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1412–1416; Dec. Dig. ⬤⟿303(3).]

In Error to the District Court of the United States for the Eastern District of Arkansas.

Action by the United States of America against J. B. Lewis and others. There was a judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

W. H. Martin, U. S. Atty., of Hot Springs, Ark., and W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before HOOK and CARLAND, Circuit Judges, and MUNGER, District Judge.

HOOK, Circuit Judge. In this action by the government upon a contract and bond for the construction of levee work on the lower Mississippi, the contractor and his sureties set up, as an excuse for a failure to restore a part of the work destroyed by flood, "that said flood was an act of God, beyond human foresight to guard against, and was not due to negligence or the default of defendants." The government's demurrer to the defense was overruled, it stood thereon, and judgment went for defendants.

[1, 2] The ruling upon the demurrer proceeded upon a misconception of the obligation of the contractor. It was not that he would merely use due diligence and care, but was an absolute one to complete the work to the acceptance, by stages, of the officer in charge. The destroyed portion of the levee had not been accepted. Moreover, the contract and specifications contained the following provisions:

"It is to be understood that portions of the levee upon which payments have been made, but which have not been accepted as herein provided, shall, if damaged or destroyed, be repaired or replaced by the contractor at his own expense. * * * All damage or injury to work, resulting from floods or other causes before the work has been received by the contracting officer, shall be sustained by the contractor."

The general rule is that, where one contracts absolutely and unconditionally to create and deliver a finished work to the acceptance of another, he is not relieved by casualties commonly denominated acts of God. See Berg v. Erickson, 234 Fed. 817, —— C. C. A. ——, and the cases cited. But the case here does not even need this rule of construction, because there was an express agreement that the contractor should bear all damage by floods. Certainly he could not say that ordinary floods only were meant, for as against them the ordinary care and diligence which is impliedly required of every one in all activities would have sufficed.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.