**BRODERICK WOOD PRODUCTS CO.
v. UNITED STATES.**

No. 4368.

United States Court of Appeals,
Tenth Circuit.

March 17, 1952.

434

Leo W. Kennedy, Denver, Colo. (William James Chisholm, Washington, D. C., was with him on the brief), for appellant.

Henry E. Lutz, Asst. U. S. Atty., Denver, Colo. (Charles S. Vigil, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Broderick Wood Products Co., a corporation organized under the laws of Colora-

do, instituted this action against the United States. It was alleged in the complaint that on December 31, 1948, the parties entered into a contract under which in consideration of $3,400 plaintiff was to and did furnish defendant certain material; that plaintiff was required to furnish such material within a specified time; that extreme weather conditions constituting an act of God made it impossible for plaintiff to comply fully with the contract; that defendant knew of such weather conditions; and that notwithstanding such facts, the defendant invoked a liquidated damage clause in the contract, to the detriment of plaintiff. The prayer was for judgment in the sum of $1,428. By answer, the defendant admitted the execution of the contract; admitted that plaintiff was required by the contract to furnish the material within a specified time; alleged that plaintiff did not perform the contract within the specified period or until forty-two days after the expiration of such period; alleged that in consequence of such failure of performance, the defendant invoked the liquidated damage clause contained in the contract; alleged that the contract contained a provision under which plaintiff could have absolved itself from noncompliance within the specified time for performance on account of weather conditions by applying to the defendant within such time for an extension of time; alleged that plaintiff failed to avail itself of such contractual provision; and alleged that plaintiff failed to seek allowable administrative relief provided in the contract. A pretrial conference was held at which certain documents and certain letters were admitted in evidence, and certain admissions of fact were made. Following the pretrial conference, the defendant filed a motion for summary judgment in its favor, based upon the pleadings and exhibits admitted at the pretrial conference. The court sustained the motion for summary judgment, and plaintiff appealed. For convenience, reference will be made to the parties as the company and the Government, respectively.

◼ It is appropriate at the outset to consider the contention of the Government that the court was without jurisdiction of the cause. The argument is that no breach of contract was alleged or claimed; that the action of the Government in invoking the liquidated damage provision contained in the contract was in express pursuance of the contract; that unless the Government breached a contract, there was no statutory authority for the action; and that if it be contended that the action was one in which the company sought equitable relief because of the liquidated damage provision, relief was equally barred. But the contention is not well founded. Title 28, section 1346(a)(2), United States Code, expressly vests in the district courts jurisdiction to hear and determine any civil action or claim against the Government, not exceeding $10,000 in amount, founded upon the Constitution, upon an Act of Congress, upon a regulation of an executive department, or upon an express or implied contract with the Government, or for liquidated or unliquidated damages in cases not sounding in tort. The essence of the action as pleaded in the complaint was that by the contract the Government agreed and obligated itself to pay the company a fixed amount for the material; that the material was furnished and accepted; that the Government wrongfully withheld part of the amount it was obligated to pay; and that the withholding of such amount constituted a breach of the contract. The complaint undertook to state a cause of action for breach of contract on the part of the Government to pay the company a certain amount. And under the statute, the court had jurisdiction of an action of that kind. United States v. Ohio Oil Co., 10 Cir., 163 F.2d 633, certiorari denied, 333 U.S. 833, 68 S.Ct. 459, 92 L.Ed. 1117.

◼ Coming to the merits, Rule of Civil Procedure 56, 28 U.S.C., authorizes the entry of summary judgment when it affirmatively appears from the pleadings, depositions and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment in his favor as a matter of law. The purpose of the rule is to provide against the vexation and delay which comes from the formal trial of cases in which there is not substantial issue of fact,

and to permit expeditious disposition of cases of that kind. Schreffler v. Bowles, 10 Cir., 153 F.2d 1, certiorari denied, 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640. It is not intended to be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends. Blood v. Fleming, 10 Cir., 161 F.2d 292. And it should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material facts. Associated Press v. United States, 326 U.S. 1, 6, 65 S.Ct. 1416, 89 L.Ed. 2013; Averick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568. But if it affirmatively appears from the pleadings, admissions or depositions, and affidavits, if any, that there is no genuine issue as to any material fact upon which the outcome of the litigation depends, the case is appropriate for disposition by summary judgment and the court should enter such judgment. Brooks v. Utah Power & Light Co., 10 Cir., 151 F.2d 514; New York Life Insurance Co. v. Cooper, 10 Cir., 167 F.2d 651, certiorari denied, 335 U.S. 819, 69 S.Ct. 41, 93 L.Ed. 374; Harris v. Railway Express Agency, 10 Cir., 178 F.2d 8. And if the case is one appropriate for the entry of summary judgment, the fact that it may be granted on a ground different from that specified in the motion therefor does not warrant the disturbing of the judgment on appeal. Board of National Missions v. Smith, 7 Cir., 182 F.2d 362.

But the company challenges the judgment on the ground that there was presented a genuine issue as to a material fact, such issue being whether the failure to furnish the material within the time specified in the contract was due to extreme weather conditions which constituted an act of God; and that therefore the summary judgment was improvidently entered. The contract between the parties was introduced and admitted in evidence at the pretrial conference; by its terms, the company was required to deliver the material within forty-five days after the execution of the contract; and that period expired February 18, 1949. A purchase order given to the company by the Government was admitted. A letter from the Government to the company, written February 24, 1949, was admitted. It called attention to the fact that the company was in default in the performance of the contract, and that an amount equal to one per cent of the bid price was being deducted as liquidated damage for each calendar day of delay. A letter from the company to the Government, written March 25, 1949, was admitted. In it the company sought an extension of time within which to perform the contract. The extension was sought on the ground of weather conditions making impossible performance within the time fixed in the contract. And a certificate of settlement as allowed by the Comptroller General was admitted. The company admitted failure to make delivery of the material within the forty-five day period in the contract, asserting that such was due to extreme weather conditions making performance within that time impossible. The contract contained a printed provision in respect to the rights and remedies of the parties in the event of failure on the part of the company to make delivery of the material within the time specified and in respect to extending the time for performance. It provided "If the contractor * * fails to make deliveries of the materials or supplies within the time specified, or any extension thereof, the Government may by written notice terminate the right of the contractor to proceed with deliveries. In such event the Government may purchase similar materials or supplies in the open market * * * and the contractor * * shall be liable to the Government for any excess cost occasioned the Government thereby: *Provided,* that the contractor shall not be charged with any excess cost occasioned the Government by the purchase of materials or supplies in the open market * * * when the delay of the contractor in making deliveries is due to unforeseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to acts of God * * * floods * * * unusually severe weather * * *, if the contractor shall notify the contracting officer in writing of the cause of any such delay, within ten days from the beginning thereof, or within such

further period as the contracting officer shall * * * grant for the giving of such notice." Upon default on the part of the company in making delivery of the material, the Government did not terminate the right to proceed with delivery. It did not purchase similar material in the open market. And it did not undertake to hold the company liable for any excess cost occasioned by the purchase of similar material in the open market. Neither did the company notify the Government of the cause of the delay, within ten days after the beginning of the severe weather conditions rendering impossible performance within the specified time. It did not notify the Government of such cause of delay within a further period of time granted for the giving of such notice. It did not seek an extension of time until long after expiration of the forty-five day period fixed in the contract for the delivery of the material. And no extension was ever granted. Neither party acted under that provision. The company did not seasonably exert any effort to obtain an extension of time within which to perform the contract; and on default in performance, the Government did not undertake to terminate the right of the company to proceed with delivery, did not exert any effort to purchase similar material in the open market, and did not exert any effort to hold the company liable for any excess cost occasioned by the purchase of similar material elsewhere.

■ At a separate and later point in its structure, the contract contained another provision in respect to the rights and remedies of the parties in the event of failure to make delivery of the material within the specified time. It provided "After award is made to the bidder, if he fails to make delivery at destination within the time specified by him, there will be deducted from payment to him, as a liquidated damage, not as a penalty, an amount equal to 1% of the bid price of the undelivered portion of the order for each calendar day of delay, including Sundays and holidays. * * *" The deduction from the contract price involved here was made under this provision of the contract. It is to be noted that in substantial difference from the other pro-

vision, this one failed to contain any language indicating an intent or purpose on the part of the contracting parties to absolve the company from the rigors of the deduction if the failure to deliver the material within the specified period was due to severe weather conditions or other act of God. Under this provision, the right of the Government to make the deduction was absolute and positive without regard to whether the default in performance was due to an act of God, or otherwise. It is the general rule that where an obligation or duty is imposed upon a person by law, he will be absolved from liability for nonperformance if his performance is rendered impossible without fault on his part, by an act of God. But with certain exceptions and qualifications having no material bearing here, it is well settled that where one voluntarily enters into a positive agreement binding himself absolutely to perform a lawful and possible act within a specified time, he is not relieved of that duty or absolved from liability for failure to fulfill the covenant by a subsequent impossibility of performance caused by an act of God. Berg v. Erickson, 10 Cir., 234 F. 817, L.R.A. 1917a, 648; United States v. Lewis, 8 Cir., 237 F. 80. The time of performance of this contract was fixed. The second provision without condition or qualification authorized the deduction for delay of performance. And having bound itself by absolute provision to make delivery of the material within a specified time, the company assumed the risk of failure of performance and cannot complain that on settlement the deduction was withheld in strict accord with the provision of the contract authorizing the Government to withhold the amount.

■ The company advances the further contention that there were no irreconcilable conflicts or inconsistencies between the two provisions in the contract to which reference has been made; that they can be harmonized; that when considered in that manner there was presented a genuine issue of material fact as to whether the failure to make delivery of the material within the time fixed in the contract was due to an act of God; and that therefore summary judgment should not have been entered. It is

held without discord or dissonance that different provisions in a contract should be construed in a manner to harmonize and give effect to all of them, if it is possible to do so without violating the plain language of the instrument or the clear purpose of the contracting parties. But that general rule does not avail the company anything. The conclusion is inescapable that this contract gave the Government either of two remedies in the event of default in making delivery of the material; and the Government had the choice between the two. Under the first provision, the Government was authorized upon default to terminate the right of the company to proceed with deliveries and to purchase similar material in the open market. In that event the liability of the company was fixed at the excess cost occasioned the Government in the purchase of such material in the open market. But it further provided that if default in making delivery was due to certain causes, including an act of God, the company should not be liable for such extra cost if it gave written notice in the manner and within the time therein specified. Under the second provision, the Government was authorized to accept delayed delivery of the material, and on settlement deduct from the contract price an amount computed on the basis therein specified. And it failed to provide that the deduction should not be made if the delayed delivery was caused by an act of God, and notice thereof was given. The two remedies were separate and distinct, and the Government had the right to invoke either of them and forego the other. Moreover, the first provision was part of the printed form of contract, while the second was typed. And it is well settled that where printed and written or typed provisions of a contract are in conflict and cannot be harmonized, the latter prevails over the former as being the language deliberately selected by the parties to express their considered intent. Hagan v. Scottish Union & National Insurance Co., 186 U.S. 423, 22 S.Ct. 862, 46 L.Ed. 1229; Thomas v. Taggart 209 U.S. 385, 28 S.Ct. 519, 52 L.Ed. 845; Pike's Peak Hydro-Electric Co. v. Power & Mining Machinery Co., 8 Cir., 165 F. 184; Miravalle Supply Co. v. El Campo Rice Milling Co., 8 Cir.,

181 F.2d 679, certiorari denied, 340 U.S. 822, 71 S.Ct. 56, 95 L.Ed. 604; American Surety Co. v. Empson, 39 Colo. 445, 89 Pac. 967.

One further attack upon the judgment merits consideration. The company contends that the Government invoked against it a penalty rather than liquidated damages. Though denominated as liquidated damages, a provision in a contract fixing an amount to be withheld or paid in case of default in performance which discloses that the amount bears no reasonable relation to actual compensation or actual damages but is disproportionately in excess thereof is one for penalty and not enforceable. McCall Co. v. Deuchler, 8 Cir., 174 F. 133. But a provision for the withholding or payment of a specified amount in case of breach in performance, deliberately entered into between parties having equal opportunity for understanding and insisting upon their rights, and bearing a reasonable relation to actual compensation or actual damages, is not disfavored in law. The tendency of a provision of that kind is to promote performance, and to adjust in advance on terms amicably chosen by the parties matters the settlement of which through courts often involve difficulty, uncertainty, delay, and expense. A provision of that nature in a contract of this kind will be enforced as liquidated damages where it is obvious that the extent of the loss which would result to the Government from delay in performance must be uncertain and difficult to determine with precision. And such a provision is not rendered infirm or inoperative merely because the damage specified exceeds that actually sustained. Priebe & Sons v. United States, 332 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32; United States v. Le Roy Dyal Co., 3 Cir., 186 F.2d 460, certiorari denied, 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1357. The provision in this contract authorizing the Government to withhold the specified amount in case of default in performance was clearly one for liquidated damages as distinguished from penalty.

From what has been said it is obvious that no genuine issue of material fact was presented upon which the outcome of the litigation depended. If the case had

gone to trial on its merits and the company had established by proof the fact that its failure to make delivery of the material within the time fixed by the contract was due to severe weather conditions constituting an act of God, it would not have been entitled to recover. The case was one appropriate for the entry of summary judgment dismissing the action, and such judgment was providently entered.

Affirmed.