In the Matter of Noah Nicodemus MALDONADO, Bankrupt.

CITY FINANCE COMPANY, Petitioner,
v.

Thomas J. FITZGERALD, Respondent.
No. 19423.

United States District Court
D. Colorado.
March 31, 1959.

Robert A. Behrman, Greeley, Colo., for petitioner.

Stanley W. Prisner, Denver, Colo., for respondent.

KNOUS, Chief Judge.

This matter is here for determination as to whether or not certain chattel mortgage liens asserted by the petitioner are void as to the trustee. City Finance Company, the petitioning creditor, seeks review of an order entered by the Referee in Bankruptcy on June 3, 1958, denying the validity of the liens.

The facts have been stipulated by the parties and such statement constitutes the factual basis for this determination.

The bankrupt, a share farmer, had a number of financial dealings with A. J. Gold and with Gold doing business as City Finance Company; the bankrupt farmed Gold's land on shares and executed the two notes and mortgages here in question in favor of the finance company.

The trustee filed a petition for determination of the proper distribution to be made of a check from Great Western Sugar Company for beets produced on the Gold farm in 1956, made payable to the bankrupt, A. J. Gold, the finance company, and the First National Bank of Greeley. The bank disclaims any interest and Gold's one-fourth interest as landlord is here uncontested; therefore, the issue of distribution as to three-fourths of the proceeds rests between the trustee and the City Finance Company. By agreement of parties, a second similar check is to be considered within the scope of the trustee's petition.

The first chattel mortgage was given by the bankrupt on October 27, 1955, and after describing certain farm implements to be covered it reads, by way of typewritten insertion, as follows:

"¾ of 24 acres of sugar beets
⅔ of 20 acres of field corn
½ of 75 acres of alfalfa hay. This grown in 1956 season
⅔ of 20 acres of beans"

Then, after a setting forth of the indebtedness and the terms, the printed form reads as follows:

"This mortgage shall cover, bind and be a lien upon all the above described goods, chattels and personal property, and all of said crops (or said undivided portion thereof) now growing and when harvested, and shall continue and attach to the proceeds thereof, which proceeds are hereby expressly assigned and set over to mortgagee, to secure the payments above designated."

The second mortgage, given on January 28, 1956, carried typewritten descriptions similar to those in the first mortgage including description of crops as follows:

"⅔ of 8 acres of potatoes
¾ of 25 acres of beets
½ of 8½ acres of sweet corn
¾ of 5 acres of pickles
⅔ of 25 acres of pinto beans
⅔ of 20 acres of corn silage
½ of 40 acres of barley and hay"

A printed provision appeared in the second mortgage identical with that

found in the first mortgage and as was quoted above.

It is agreed that the beet crop was not growing at the time the mortgages were executed, and that the checks represent proceeds from the crop grown and harvested in 1956.

The statutory law of Colorado (Section 20–1–10, 1953 C.R.S.), provides that:

"Chattel mortgages may be given upon * * * crops, either annual or perennial * * * which may be harvested within the period of one year next ensuing after the execution of the mortgage, whether or not the same be grown, growing or planted at the time of the execution of such mortgage. * * *"

Notwithstanding, upon the assumption that the chattel mortgages involved were prepared by the finance company upon a form of its choice, the Referee felt that the situation here was brought within the doctrine of such cases as Asmussen v. Post Printing & Publishing Co., 26 Colo.App. 416, 143 P. 396, where it was held that an instrument will be construed most strongly against the one who draws it. Upon this basis, the Referee concluded that "if the bankrupt and the company had in mind the mortgaging of the yet to be planted 1956 sugar beet crop, apt and conclusive words were available to them; indeed, as to the 1956 crop of alfalfa hay, words conclusively covering the same were used. The omission of such words or other apt words as to the sugar beets, considered in connection with the exclusion found in the printed form, defeats the mortgages as to that crop. To hold otherwise, in the Referee's view, would extend section 21–1–10 beyond the intention of that enactment and resolve a doubt in favor of the creator of the doubt."

 The stipulated facts are silent as to who prepared the mortgages or the circumstances under which they were executed. Considering that the finance company was in the business of loaning money, it might be suspected on general principles that the mortgages were prepared by it upon forms of its selection, but such conjecture in the light of the silence of the stipulated facts on the subject is not sufficient to justify a finding of fact that the finance company prepared the mortgages and thus bring into play the strict rule of construction adopted by the Referee; rather, the Court believes the mortgage contracts should be construed so as to give effect to each and every part thereof. Kugel v. Young, 132 Colo. 529, 291 P.2d 695; Broderick Wood Products Co. v. United States, 10 Cir., 195 F.2d 433. So viewed, the Court is of the opinion that the mortgages must be considered as covering the 1956 beet crop as permitted by the statute. It would seem to be axiomatic under the ordinary rules of construction, that the typed description of the beet crop cannot be vitiated by the inferentially inconsistent printed provision since where printed and typed provisions of a contract are in conflict the typed provision must prevail as having been deliberately selected by the parties. Broderick Wood Products Co. v. United States, supra. It is, therefore,

Ordered and adjudged that the petition for review be allowed and the cause be remanded to the Referee with instructions to vacate the order with respect to the chattel mortgages here in review, and to enter an order allowing the City Finance Company three-fourths of the total of said checks.