762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARTIN M. SMITH, PLAINTIFF-APPELLANT,
v.
UNITED PARCEL SERVICE, LOCAL UNION NO. 20 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS CHAUFFEURS, WAREHOUSEMEN
AND HELPERS OF AMERICA; WILLIAM
LICHTENWALD; AND HAROLD D.
DEU, DEFENDANTS-APPELLEES.
 84-3410
 United States Court of Appeals, Sixth Circuit.
 4/26/85
 
 On Appeal From The United States District Court for the Northern District of Ohio
 BEFORE: LIVELY and KEITH, Circuit Judges, and WEICK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Northern District of Ohio granting appellees' motion for summary judgment. Appellant alleged violation of an existing collective bargaining agreement by his employer United Parcel Service (the Company) and a breach of the duty of fair representation by the Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 20 (Union) both in violation of Sec. 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185. Appellee also claimed that his rights as a union member, secured by the Labor Management Reporting and Disclosure Act, (LMRDA), 29 U.S.C. Sec. 411 et. seq. were violated. An exhaustive and well-written opinion by Judge Walinski make it unnecessary for this court to consider the case in the same detail. We affirm the ruling below.
 
 
 2
 The only issue to be considered is whether the district court was correct in granting summary judgment for the appellees. In order to prevail in his hybrid claim under Sec. 301, Mr. Smith would have to demonstrate a breach of the duty of fair representation by his union and a breach of the collective bargaining agreement by the employer to prevail against either appellant. Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983); Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335 (6th Cir. 1975). In our view, Judge Walinski properly concluded that the undisputed material facts demonstrate as a matter of law that the Company did not breach the collective bargaining agreement by discharging Martin Smith for dishonesty. The collective bargaining agreement in question has a clear, unambiguous provision stating that an employee can be discharged, without warning, for dishonesty. The facts in evidence and the admissions of Martin Smith clearly show that appellant had been making unauthorized copies of Company records in the past, and that he had been warned that such activity was wrong and could get him in trouble. Regardless, appellant copied the contents of John Eddy's personnel file in order to aid him in an upcoming hearing on a grievance Eddy had pending against the company. Appellant then deliberately lied about how he had obtained the photocopies when questioned at Mr. Eddy's discharge hearing. Appellant's deliberate lie at the grievance hearing was clearly dishonesty. Judge Walinski correctly found that blatently lying at the grievance hearing in and of itself was dishonest and thereby grounds for discharge. Considering every possible inference favorable to appellant that could be drawn from the evidence, Judge Walinski found that appellant was unable to demonstrate a breach of the collective bargaining agreement.
 
 
 3
 It is our view that in so holding, Judge Walinski met his obligation of reviewing the entire record of the case before him. See Fed. R. Civ. P. 56(c); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Appellant claims that the district court could not rule the discharge was valid on a basis not raised by either defendant in their motions for summary judgment. However, because Judge Walinski properly reviewed the record, his decision was correctly based on an issue not raised in support of the motions for summary judgment. See Brocerick Wood Products Co. v. United States, 195 F.2d 433, 436 (7th Cir. 1952). See also 6 Moore's Federal Practice p56.14, at 56-354 (2d Ed. 1948). Appellant also alleges discriminatory treatment by the union; however, he fails to cite an incident where a union steward has committed a similar offense without being discharged. Since appellant is unable to demonstrate a breach of the collective bargaining agreement, as essential requirement to prevail against either appellant, the grant of summary judgment on appellants LMRA claim is hereby affirmed.
 
 
 4
 Appellant also alleges that the Company violated his rights as a union member secured by the LMRDA. The district court correctly found that Mr. Smith failed to set forth specific facts showing there is a genuine issue for trial on this claim. The union contends that Smith failed to properly state a claim under 29 U.S.C. Sec. 411. Appellant fails to address this contention and thus concedes this issue. Furthermore, we agree with the district court that '[appellant's] failure to set forth specific facts showing there is a genuine issue for trial on this claim is sufficient to grant a summary judgment.' Fed. R. Civ. P. 56(e); Slip op. at 12.
 
 
 5
 For the above stated reasons, the ruling of the Honorable Nicholas Walinski is hereby affirmed.